UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-22489-CIV-HUCK/O'SULLIVAN

JULIA MULDOWNEY,

    Plaintiff,

v.

MAC ACQUISITION, LLC, et al.,

    Defendants.

_____/

## ORDER ON MOTIONS FOR PARTIAL SUMMARY JUDGMENT

This cause is before the Court upon Defendants' Motion for Partial Summary Judgment (D.E. #67) and Plaintiff's Motion for Partial Summary Judgment (D.E. #79). The Court has considered the Motions and the parties' response and reply briefs, and is otherwise duly advised in the premises. The Court held a hearing on the Motions on January 15, 2010. For the reasons announced by the Court at the hearing, the Court rules as follows:

### I.    Plaintiff's Motion for Partial Summary Judgment

Plaintiff moves the Court to enter partial summary judgment, establishing that Plaintiff worked off-the-clock and was not properly compensated. As stated in open court, the record in this case discloses that there are genuine issues of material fact precluding an entry of partial summary judgment. Accordingly, Plaintiff's Motion for Partial Summary Judgment is denied.

### II.    Defendants' Motion for Partial Summary Judgment

#### A.    Plaintiff's Tip Credit Claim

Defendants move the Court for summary judgment as to Plaintiff's claim under 29 U.S.C. § 203(m), which allows an employer to treat an employee's tips as satisfying part of its minimum-wage obligation, but requires the employer to inform the employee of the tip credit provision. Defendants argue that Plaintiff was informed of the tip credit provision by three different communications: a Tip Credit and Allocation Policy that Plaintiff signed and dated, an Employee

Handbook that Plaintiff signed for and received, and a poster displayed in the restaurant in which Plaintiff worked. As stated in open court, the record in this case clearly establishes that Plaintiff, as a matter of law, was properly informed of the tip credit provision. Therefore, Defendants' Motion for Partial Summary Judgment is granted on the issue of whether Plaintiff was properly informed of the tip credit.

Plaintiff argues, however, that Defendants are not entitled to the tip credit because Plaintiff was not paid for every hour worked. According to Plaintiff, in order for an employer to qualify for the tip credit, it must pay the specified reduced cash wage for each and every hour worked. Defendants do not address this argument in their Reply in Further Support of Their Motion for Partial Summary Judgment. Accordingly, Defendants shall file a supplemental memorandum, not to exceed two pages, by Thursday, January 21, 2010, addressing the issue of whether Defendants are entitled to the tip credit if Plaintiff proves that she was not paid for every hour worked. Plaintiff shall file a response, also not to exceed two pages, by Thursday, January 28, 2010.

**B.    Plaintiff's State Law Claim**

Defendants also move the Court for summary judgment as to Plaintiff's state law minimum wage claim because Plaintiff failed to provide Defendants with notice of the claim in accordance with Florida law. Florida Statutes Section 448.110(6) requires an employee to provide an employer with notice of an intent to initiate a civil action to uncover unpaid minimum wages before bringing such an action. This "pre-suit" notice "must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice." Fla. Stat. § 448.110(6)(a). Upon receipt of this notice, an employer has fifteen days to resolve the claim before an action may be filed to recover the unpaid wages. Fla. Stat. § 448.110(6)(b).

In this case, Plaintiff did not provide notice to Defendants before filing this action, although she apparently attempted to provide pre-suit notice to Defendant Mac Acquisition, LLC but sent the notice to a different entity with the identical name. On September 2, 2009, Plaintiff filed a Second Amended Complaint, alleging in a footnote that Defendant Mac Acquisition was served with pre-suit notice and that Defendant Brinker International Payroll Company, L.P. agreed to waive the pre-suit notice requirement. (*See* D.E. #7 at ¶ 1 n.1.) On September 15, 2009, however, Defendants filed an Answer, denying that Mac Acquisition was served with pre-suit notice or that Brinker

International waived the pre-suit notice requirement. (*See* D.E. #14 at ¶ 1.) In an attempt to cure the notice deficiency, Plaintiff sent letters to Brinker International on October 13, 2009 (D.E. #97 Ex. I) and to Mac Acquisition on November 18, 2009 (D.E. #97 Ex. J), including the information required by section 448.110(6).

For the reasons stated in open court, Plaintiff is given leave to file an amended complaint so that she may allege that Defendants have been served with the notice required by section 448.110(6). However, Plaintiff will not be entitled to recover any attorney's fees incurred in this lawsuit before the date of the hearing, January 15, 2010. On the basis of Plaintiff having provided notice, though after suit was filed, Plaintiff filing an amended complaint, and the Court staying this case in order to provide Defendants with the specified fifteen-day period to attempt to resolve this case, Defendants' Motion for Partial Summary Judgment is denied as to Plaintiff's state law minimum wage claim.

### III. Conclusion

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Partial Summary Judgment (D.E. #79) is DENIED.

It is further ORDERED that Defendants' Motion for Partial Summary Judgment (D.E. #67) is GRANTED IN PART, DENIED IN PART. The case is stayed until Monday, February 1, 2010, except for the supplemental briefing on the issue of whether Defendants are entitled to the tip credit if Plaintiff proves that she was not paid for every hour worked. By February 1, 2010, the parties shall file a notice indicating whether they wish to proceed to trial.

DONE AND ORDERED in Chambers, Miami, Florida, January 19, 2010.

Paul C. Huck
United States District Judge

**Copies furnished to:**
All Counsel of Record