UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-22489-CIV-HUCK/O'SULLIVAN

JULIA MULDOWNEY,

    Plaintiff,

v.

MAC ACQUISITION, LLC, et al.,

    Defendants.

_____/

### ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

    This cause is before the Court upon Defendants' Motion for Partial Summary Judgment (D.E. #67). Defendants move the Court for summary judgment as to Plaintiff's claim under 29 U.S.C. § 203(m).

    Section 203(m) of the FLSA allows an employer to pay tipped employees a reduced hourly cash wage, plus tips, if the employee (1) is informed by the employer of the tip credit provision, and (2) is allowed to retain all tips received, subject to lawful tip pooling arrangements. Plaintiff claims that Defendants are not entitled to the tip credit because they failed to comply with the requirements of section 203(m). The Court previously entered an order (D.E. #117) finding that Plaintiff, as a matter of law, was properly informed of the tip credit provision. However, the Court requested supplemental briefing on Plaintiff's argument that Defendants are not entitled to the tip credit because Plaintiff was not paid for every hour worked. The parties submitted supplemental briefs (D.E. #118, #125, #129). The Court has considered the Motion, the response and reply briefs, and the supplemental briefs, and is otherwise duly advised in the premises.

    Plaintiff alleges that Defendants did not pay her for work that she performed off-the-clock. Plaintiff argues that in order for an employer to qualify for the tip credit, it must pay the reduced cash wage specified by section 203(m) for each and every hour worked. Thus, according to Plaintiff, because Defendants did not pay her for hours that she allegedly worked off-the-clock, Defendants cannot claim any tip credit, not even for hours for which she was paid the specified reduced cash wage.

Defendants respond that section 203(m) does not contemplate, and provides no remedy for, unpaid wages arising from alleged off-the-clock work. Defendants cite *Perez v. Palermo Seafood, Inc.*, No. 07-CV-21408, Docket Entry No. 66 (S.D. Fla. May 8, 2008), in which Magistrate Judge O'Sullivan rejected the argument that section 203(m) requires payment for every hour worked, citing the lack of precedent and finding that the "cases that have disallowed the tip credit, have done so because the employer failed to comply with one, or both, of [the employee notice and tip retention] requirements." *Id.* at 5. Defendants further argue that unpaid wages due to alleged off-the-clock work may be remedied through state law wage claims and through federal claims predicated on violations of sections 206 (unpaid minimum wages) and 207 (unpaid overtime wages) of the FLSA. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.").

The Court agrees with Defendants and with Magistrate Judge O'Sullivan's opinion in *Palermo Seafood, Inc.* Section 203(m) merely prescribes the method for calculating a tipped employee's wages and sets forth two explicit requirements that must be met for an employer to claim the tip credit, both of which are satisfied in this case. The statute says nothing about unpaid wages due to off-the-clock hours. Further, by rejecting Plaintiff's interpretation, she is not left without a remedy: she can seek unpaid wages for her alleged off-the-clock hours under state law or other sections of the FLSA. Therefore, the Court finds that Defendants are entitled to the tip credit for hours where Plaintiff was paid the specified reduced cash wage. Accordingly, it is hereby

ORDERED that Defendants' Motion for Partial Summary Judgment (D.E. #67) is GRANTED as to Plaintiff's claim under 29 U.S.C. § 203(m).

DONE AND ORDERED in Chambers, Miami, Florida, February 9, 2010.

_____
Paul C. Huck
United States District Judge

**Copies furnished to:**
All Counsel of Record