UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-22489-CIV-HUCK/O'SULLIVAN

JULIA MULDOWNEY,

    Plaintiffs,

vs.

MAC ACQUISITION, LLC, and
BRINKER INTERNATIONAL
PAYROLL COMPANY, L.P.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the defendants' Bill of Costs, (DE# 176, 5/12/10).  This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Paul C. Huck, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636(b)(1) and the Magistrate Rules of the Local Rules of the Southern District of Florida.  See Order Referring Motion (DE# 184, 5/17/2010).  Having reviewed the applicable filings and law, the undersigned respectfully recommends that the aforementioned Bill of Costs be GRANTED in part and DENIED in part accordance with the following Report and Recommendation.

## BACKGROUND

On May 6, 2010, the Honorable Paul C. Huck issued a Final Judgment against the plaintiff after the jury found that the defendants paid the plaintiff overtime wages as required by the Fair Labor Standards Act.  See Final Judgment (DE# 175, 5/6/10); See

also Jury Verdict (DE# 178, 5/14/10).   The defendants filed the instant Bill of Costs on May 12, 2010, seeking a total of  $20,433.24 in costs for: (1)  fees of the Clerk; (2) fees for service of summons and subpoenas; (3) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; and (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use the in the case, (DE# 176, 5/12/10).   The plaintiff filed a response on July 1, 2010, (DE# 188).  The defendants filed a reply on July 8, 2010, (DE# 189).

**ANALYSIS**

1.      Procedural

The plaintiff argues that the defendants did not follow proper procedure pursuant to Local Rule 7.3 in submitting their request for costs to the court because the defendants did not serve the plaintiff with a draft motion for costs.  See Plaintiff's Response (DE# 188 at 1-2, 7/1/10).  The plaintiff does note that Local Rule 7.3(c) does require the defendants to file a Bill of Costs within 30 days of the Final Judgment.  Id. at 2.  The undersigned finds that because the defendants filed a bill of costs, not a motion for a bill of costs, the defendants are entitled to recover costs.

Local Rule 7.3 governs procedural requirements for two separate and distinct court filings.  Local Rule 7.3(a)-(b)[1] defines the proper procedure parties must follow in order for the court to grant a motion for a bill of costs.  Local Rule 7.3(c) defines the

---

[1] "A draft motion compliant with Local Rule 7.3(a)(1)–(8) must be served but not filed within thirty (30) days after entry of the final judgment or order."  S.D. Fla. L. R. 7.3(b).

proper procedure to be followed if parties file a bill of costs[2]. This distinction has been recognized by the drafters of the Local Rules as well as the District Court of the Southern District of Florida.  See Licausi v. Symantec Corp., No. 08-60544, 2009 WL 3177566 (S.D. Fla. Sept. 29, 2009) (finding that the defendant was required to follow Local Rule 7.3(c), not Local Rule 7.3(a), because the defendant filed a bill of costs); 2006 Comments to S.D. Fla. L.R. 7.3 ("The [2006] amendments are designed to distinguish between a bill of costs, which is authorized by Title 28, United States Code, Section 1920, and a motion for costs, which arises in circumstances other than those listed in Title 28, United States Code, Section 1920.")

The defendants filed a bill of costs and not a motion for a bill of costs.  See Defendants' Reply in Support of Their Bill of Costs (DE# 189 at 1, 7/8/10) ("Defendant filed a bill of costs."); See also Plaintiff's Response (DE# 188 at 1, 7/1/10) ("[T]he Bill of Costs is not a motion for costs.").  The Bill of Costs was docketed as a Motion for Bill of Costs (DE# 176, 5/12/10), but is not a Motion, it is a Bill of Costs.  Local Rule 7.3(c) provides the court with the appropriate guidelines to assess the request for costs in this matter.

Pursuant to Local Rule 7.3(c), the undersigned finds that the defendants sufficiently complied with the Rule.  Local Rule 7.3 states, in pertinent part, the following:

> A bill of costs pursuant to 28 U.S.C. § 1920 shall be filed and served within thirty (30) days of entry of final judgment or other appealable order that gives rise to a right to tax

---

[2] "A bill of costs pursuant to 28 U.S.C. § 1920 shall be filed..." S.D. Fla. L. R. 7.3(c)

> costs under the circumstances listed in 28 U.S.C. §1920. An application for a bill of costs must be submitted on form (or in form substantially similar to) AO 133 of the Administrative Office of the United States Courts. The bill of costs should attach copies of any documentation showing the amount of costs.

S.D. Fla. L. R. 7.3(c). The defendants filed the instant Bill of Costs on May 12, 2010, six days after final judgment was entered. See Bill of Costs (DE# 176, 5/12/2010); See also Final Judgment (DE# 175, 5/6/10). The defendants submitted the application for bill of costs on the AO 133 form and attached to it invoices and other documentation demonstrating the validity of the requested costs. See Bill of Costs (DE# 176 at Tab 2-6, 5/12/2010). In accordance with the foregoing, the undersigned finds that the defendants sufficiently complied with the procedural guidelines of Local Rule 7.3(c).

2.   Merits

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "costs -- other than attorneys' fees -- shall be allowed to the prevailing party" unless the court otherwise directs. "A 'prevailing party' for purposes of Rule 54(d), is a party in whose favor judgment is rendered . . . . [T]his means the party who won at trial level, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded." All West Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co., 153 F.R.D. 667, 668-69 (D. Kan. 1994).

A court may only tax those costs which are specifically authorized by statute. See Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987). But if no specific authorization exists, the court will only consider those taxable costs stated under 28 U.S.C. § 1920, which include:

>(1) Fees of the clerk and marshal;
>
>(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>(3) Fees and disbursements for printing and witnesses;
>
>(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>(5) Docket fees under §1923 of this title;
>
>(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under §1828 of this title.

See U. S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000).

The undersigned recommends costs be awarded to the defendants as outlined below.

A.    Fees of the Clerk

The defendants seek reimbursement in the amount of $350.00 for the costs and expenses associated with the fees of the clerk.   See Bill of Costs (DE# 176 at 1, 5/12/2010).  28 U.S.C. §1920(1) allows for recovery of "fees of the clerk."  The undersigned recommends that the defendants be awarded **$350.00** for expenses associated with fees of the clerk.

B.    Fees for Service of Subpoenas

The defendants seek reimbursement in the amount of $640.00 for the service of subpoenas. See Bill of Costs (DE# 176 at 1, 5/12/2010). Included in the $640.00 request are rush fees and same day service fees associated with the service of

subpoenas on several parties. See Bill of Costs (DE# 176 at Tab 3, 5/12/2010). The plaintiff argues that the rush fees should not be awarded to the defendants because these rush fees were for the convenience of the defendants. See Plaintiff's Response (DE# 188 at 3, 7/1/10).

28 U.S.C. § 1920(1) permits a prevailing party to collect fees "of the marshal," which includes fees for service of subpoenas. See 28 U.S.C. § 1921(a)(1)(B). Although § 1920(1) only refers to the "marshal," the Eleventh Circuit has held that "private process server fees may be taxed pursuant to §§ 1920(1) and 1921" as long as such fees do not exceed the rate charged by the U.S. Marshal. 28 U.S.C. § 1920(1); E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623-24 (11th Cir. 2000). The rate charged by the U. S. Marshal is $55.00 per hour for each item served. See 28 C.F.R. § 0.114(a)(3). The defendants request reimbursement for the service of six (6) subpoenas. See Bill of Costs (DE# 176 at Tab 3, 5/12/2010). The defendants requested fees should be limited to the rate charged by the U.S. Marshal. The undersigned recommends that the cost award for the service of subpoenas be reduced to $55.00 per subpoena for each of the six (6) subpoenas. The undersigned recommends that defendants be awarded a total of ***$330.00*** for expenses associated with service of subpoenas.

C.      Fees for Printed or Electronically Recorded Transcripts

The defendants request reimbursement in the amount of $16,969.88 for costs associated with printed or electronically recorded transcripts. See Bill of Costs (DE# 176 at 1, 5/12/10). The $16,969.88 requested by the defendants is comprised of $16,013.62 for depositions, and $956.26 for transcripts of hearings. See Bill of Costs (DE# 176 at 3, 5/12/10). The plaintiff argues that the defendants are not entitled to

recover the entire amount that they have requested for depositions because the depositions of "Ceasar Pineda, Caprina Zayas, Fiorella Napoles, Manuel Alvarez and Daniel Restrepo, were unnecessary and never used by [d]efendants," and the cost of the plaintiff's deposition is "highly excessive." Plaintiff's Response (DE# 188 at 3, 7/1/10).

The undersigned finds that the cost of the plaintiff's deposition was not excessive because the court permitted the defendants to depose the plaintiff for an additional amount of time after holding a hearing on the need for additional deposition time. See Defendants' Reply in Support of their Bill of Costs (DE# 189 at Tab 2, 7/8/10).

28 U.S.C. § 1920(2) permits the court to tax "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Although the statue does not specifically mention depositions, depositions are implicitly included in the phrase "recorded transcript." 28 U.S.C. § 1920(2); U. S. v. Kolesar, 313 F.2d 835, 837-38 (5th Cir. 1963) ("Though [section] 1920(2) does not specifically mention a deposition, . . . depositions are included by implication in the phrase 'stenographic transcript'."). A deposition is "necessarily obtained" if it was taken in relation to an issue that was present at the time that the deposition occurred, regardless of whether or not the deposition was eventually used at trial. 28 U.S.C. § 1920(2); E.E.O.C. v. W&O, Inc., 213 F.3d 600, 621 (11th Cir 2000); National Bancard Corp. v. Visa, U.S.A., Inc., 112 F.R.D. 62, 66 (S.D. Fla. 1986).

In this instance, the depositions of Ceasar Pineda, Caprina Zayas, Fiorella Napoles, Manuel Alvarez and Daniel Restrepo were noticed by the plaintiff and taken in relation to a issue viable in the case at the time of taking. See Defendants' Reply in

Support of Their Bill of Costs (DE# 189 at Tab 1, 7/8/10).  In addition, the fact that the defendants did not use the aforementioned depositions at trial does not prohibit the court from taxing costs associated with them.  See  National Bancard Corp. v. Visa, U.S.A., Inc., 112 F.R.D. 62, 66 (S.D. Fla. 1986).  The undersigned finds that the depositions of Ceasar Pineda, Caprina Zayas, Fiorella Napoles, Manuel Alvarez and Daniel Restrepo were necessarily obtained and the costs associated with them should be taxed.  The defendants, however, should not be reimbursed for extraneous costs associated with these transcripts which are not permitted under the statute.  This Court has determined that "... fees for expedited or condensed transcripts, compressed and miniscript versions, and CD ROMs with ASCII are not reimbursable under § 1920."  See Licausi v. Symantec Corp., 2009 WL 3177566 *3 (S.D. Fla. Sept. 29, 2009) (citation omitted).

     Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 464 (11th Cir. 1996), requires that the prevailing party demonstrate the need for a video deposition. Morrison, 97 F.3d at 464- 465.  It is within the court's discretion to tax the cost of videotaping and transcribing a deposition only when both are necessarily obtained for use in the case. Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1474 (10th Cir. 1997).  For some depositions, the defendants request reimbursement for both videos and transcripts, but have not demonstrated the necessity of both a videotape and transcription of any of these claimed depositions.  The defendants may be awarded costs associated with either videotaping a deposition or a transcript of a deposition.  In each instance that the defendants request reimbursement for both a video and a transcript, the cost of the transcript is higher than the cost of the video and, as noted below, the undersigned

awards the transcript cost to the defendants.

The defendants request $5,040.45 for the deposition of Julia Muldowney on November 3, 2009.  Included in this amount is $1,045.00 for a video (which is in addition to the transcript), and two (2) $25.00 charges for litigation support disks totaling $50.00.  The video charge is not permitted in addition to the transcript under the statute.  In addition, the $50.00 charge for the litigation support disks is not permitted under the statute.  The costs associated with the transcript for the November 3, 2009, deposition of Julia Muldowney should be reduced by $1,095.00.

The invoice for the December 22, 2009, deposition of Julia Muldowney does not list any costs that are not permitted under the statute.

The defendants request $1,362.10 for the depositions of Enrique Arce and Clifton Carmody.  Included in this amount is $39.00 for a litigation CD.  An award for the $39.00 litigation CD is not permitted under the statute.  The costs associated with the transcripts for the depositions of Enrique Arce and Clifton Carmody should be reduced by $39.00.

The defendants request $2,625.15 plus $12.00 for shipping and handling for the December 10, 2009, deposition fo Pearline Butikofer.  Included in this amount is $795.00 for a video (which is in addition to the transcript), $25.00 for a litigation support disk, and $15.00 for a 42 page condensed transcript.  These charges are not permitted under the statute.  The costs associated with the transcript for the December 12, 2009, deposition of Pearline Butikofer should be reduced by $835.00.

The defendants request $1,636.10 for the depositions of Caprina Zayas, Fiorella Napoles, Ceasar Pineda, and Haissam Elanam.  Included in this amount is $39.00 for a

litigation CD. An award for the $39.00 litigation CD is not permitted under the statute. The costs associated with the transcripts for the depositions of Caprina Zayas, Florella Napoles, Ceasar Pineda, and Haissam Elanam should be reduced by $39.00.

The defendants request $2,329.60 for the depositions of Manuel Alvarez, Danny Restrepo, Javier Zuazo, and Charlie Galvez. Included in this amount is $39.00 for a litigation CD. Also, these transcripts were ordered on a 2-day expedited basis. An award for the $39.00 litigation CD is not permitted under the statute. Moreover, the defendants are not entitled to receive reimbursement for expedited copies of the transcripts. For the expedited transcripts, Veritext Florida Reporting Co. charged $7.92 per page. Esquire charged $4.25 per page for the December 10, 2009, deposition of Pearline Butikofer. The undersigned finds that the defendants should receive $4.25 per page for these transcripts, not the $7.92 per page that is requested. The $2,138.40 requested for 270 pages at $7.92 per page for these depositions should be reduced to $1,147.50, a reduction of $990.90. The costs associated with the transcripts for the depositions of Manuel Alvarez, Danny Restrepo, Javier Zuazo, and Charlie Galvez should be reduced by $1,029.90 for these depositions.

The defendants request $1,637.80 for the deposition transcript of Roger Ledesma. Included in this amount is $35.00 for a condensed transcript, index, and ASC II disk. Recovery of the $35.00 charge for the condensed transcript, index and ASC II disk, is not permitted under the statute. Also included in this charge is an expedited charge of $8.80 per page. As noted above, the price per page should be limited to $4.25 per page. The $1,240.80 request at $8.80 per page for this deposition should be reduced to $599.25, a reduction of $641.55. The costs associated with the

10

transcript for the deposition of Roger Ledesma should be reduced by $676.55.

The invoice provided by the defendants for the November 9, 2009, hearing transcript does not list any costs that are not permitted under the statute.

The defendants request $310.40 for an expedited transcript of the Informal Discovery Conference held on December 10, 2009. This is for a total of 64 pages at $4.85 per page. The per page charge for the November 9, 2009, hearing transcript, ordered on an ordinary basis, was $3.65 per page. The December 10, 2009, transcript should be limited to an award of $3.65 per page and should be reduced to $233.60, a reduction of $76.80. The costs associated with the transcript for the December 10, 2009, hearing should be reduced by $76.80.

The defendants request $234.96 for an expedited hearing transcript of the January 15, 2010, hearing held before Judge Huck at $5.34 per page. The per page amount should be limited to $3.65 per page as noted above. The defendants should be awarded $160.60 for the January 15, 2010, transcript, a reduction of $74.36. The costs associated with the transcript for the January 15, 2010, hearing should be reduced by $74.36.

The defendants request $133.50 for an expedited transcript of the March 17, 2010, hearing held before Judge Huck, at $5.34 per page. This per page amount should be limited to $3.65 per page. The defendants should be awarded $91.25 for the March 17, 2010, hearing transcript, a reduction of $42.25. The costs associated with the transcript for the March 17, 2010, hearing should be reduced by $42.25.

In accordance with the foregoing, the undersigned recommends that the defendants $16,969.88 request for reimbursement of costs associated with transcripts

be reduced by $3,907.86, for an award associated with transcripts in the amount of **$13,062.02**.

D.     Fees for Exemplification and the Costs of Making Copies

The defendants request reimbursement in the amount of $2,473.36 for fees associated with exemplification. See Bill of Costs (DE# 176 at 1, 5/12/10). The plaintiff argues that the defendants are not entitled to such costs because the defendants do not specify what the costs are. See Plaintiff's Response (DE# 188 at 3, 7/1/10).

28 U.S.C. § 1920(4) permits recovery of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The prevailing party must sufficiently itemize these costs so that so that the court may evaluate their necessity. Fogleman v. ARAMCO, 920 F.2d 278, 286 (5th Cir. 1991). Specifically, "an item-by-item description is not required, [but] some information of the types or categories of documents copied and the reason for the copies must be furnished." Kellogg Brown & Root Int'l, Inc v. Altanmia Commercial Mktg. Co., No. H-07-2684, 2009 WL 1457632, at *6 (S.D. Tex. May 26, 2009).

The undersigned finds that the documentation provided by the defendants in support of this cost request is not sufficient. The defendants divided the photocopying fee into three components: (1) $10.00 for copies of documents in response to a subpoena, (2) $531.90 for in-house duplicating costs and (3) $1,931.46[3] for outside copy costs. See Bill of Costs (DE# 176 at 3-4, 7, 5/12/10). The undersigned finds that defendants are entitled to receive the $10.00 for the copies of the documents  in

---

[3] The $1,931.46 is comprised of $1,575.40 for copies and $229.70 for tabs and binders.

response to the subpoena, and $0.10 per copy for the 15,754 copies made by Copy Center for a total of $1,575.40, because the defendants provide adequate support for these requests. See Id. at Tab 6. The defendants failed to provide sufficient evidence or explanation for the in-house duplicating costs. See Id. As such, the undersigned recommends no award to the defendants for in-house duplicating costs.

The defendants ask for reimbursement in the amount of $229.70 for costs associated with tabs and binders.[4] Such costs are not taxable under 28 U.S.C. § 1920(4), and should not be awarded to the defendants. See Luken v. Int'l Yacht Council Ltd., 2009 WL 678005, at *7 (S.D. Fla. March 11, 2009). The undersigned recommends that the defendants be awarded a total of ***$1,585.40*** for costs and expenses associated with exemplification.

In accordance with the above and foregoing, it is hereby

**RESPECTFULLY RECOMMENDED** that the Bill of Costs be GRANTED in part and DENIED in part and the defendants be awarded a total of $15,327.42 in costs. The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Court Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F.2d 745, 749-50 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); See also RTC v. Hallmark Builders, Inc., 996 F.2d

---

[4] See Bill of Costs (DE# 176 at Tab 6, 7, 5/12/10).

1144, 1149 (11th Cir. 1993).

      RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 30th day of July, 2010.

                                  _____
                                  JOHN J. O'SULLIVAN
                                  UNITED STATES MAGISTRATE JUDGE

Copies provided to:
U. S. District Court Judge Huck
All counsel of record